## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **CHARLENE THIRION,** | ) | **CASE NO: 1:08-CV-3004** |
| | ) | |
| Plaintiff, | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| vs. | ) | |
| | ) | |
| **CITY OF BEDFORD HEIGHTS, et al.,** | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S *BENCH BRIEF* REGARDING JURY'S RIGHT TO DETERMINE WHETHER DEFENDANTS HAVE CARRIED THEIR BURDEN OF PROVING THAT THEY MADE AN UNCONDITIONAL OFFER OF REINSTATEMENT; AND WHETHER PLAINTIFF REASONABLY REJECTED ANY SUCH OFFER.

## I.  INTRODUCTION

Defendants are inviting this Court to commit plain error by ruling as a matter of law that Plaintiff Charlene Thirion unreasonably failed to accept an unconditional offer of reinstatement.  This is reversible error.  The law in the Sixth Circuit, and every other circuit is clear:  it is for the jury to decide, first, whether Defendants made an unconditional offer of reinstatement, and second, whether Plaintiff acted reasonably by rejecting the purported offer.[1]  The Defendants bear the burden of proving each of these elements.  Moreover, a plaintiff's rejection, which must be judged under the totality of the factual circumstances, is reasonable if, for example, her mental or physical health is

---

[1] *Life Care Ctrs. of America, Inc. v. Charles Town Assocs.,* 79 F.3d 496, 514 (6th Cir. 1996); *Morvay v. Maghielse Tool & Die Co.*, 708 F.2d 229 (6th Cir. 1983); *McKelvey v. Geren,* 2009 U.S. Dist. LEXIS 93567 (D. Mich. 2009).

imperiled, [2] if the offer was not made in good faith, [3] if she was not given sufficient time to consider the offer, [4] and if her work relationship has been irreparably damaged.[5]

The only reason to keep the "reinstatement" issue from the jury is because Defendants have utterly failed to produce any evidence contradicting the medical testimony of Dr. Scanlon or otherwise carrying their affirmative burden of proving that Plaintiff acted unreasonably.  To the extent that there is any jury issue, the proper procedure is for the jury to hear evidence as to Mrs. Thirion's damages, to make factual determinations as to the amount of future loss and back pay she is due, and then to make determinations regarding Defendants' affirmative defense of a failure to mitigate.

Finally, on March 9, 2010, Defendants entered onto the trial record testimonial and documentary evidence of Defendants' purported reinstatement offer of February 19, 2010.  Defendants introduced a letter referencing the February 19, 2010 offer and, further, cross-examined Plaintiff Charlene Thirion as to this February 19 offer.  Having introduced the issue of the February 19 Letter, Plaintiff is entitled to place the entirety of this letter on the record.

---

[2] *Geiger v. Kraft Foods Global, Inc.*, 2008 U.S. Dist. LEXIS 16604 (S.D. Ohio Mar. 3, 2008); *Lewis v. Federal Prison Indus.*, 953 F.2d 1277, 1280 (11th Cir., 1992); *Ortiz v. Bank of America Nat'l Trust*, 852 F.2d 383, 386-87 (9th Cir. 1988).
[3] A plaintiff is justified in rejecting an offer of reinstatement if the offer is not made in good faith. *Stanfield v. Answering Service*, Inc., 867 F.2d 1290 (11th Cir.1989)(offers of reinstatement must be made in good faith) *See also Lewis v. Federal Prison Industries*, 953 F.2d 1277 (11th Cir.1992).

[4] *Geiger v. Kraft Foods Global, Inc.*, 2008 U.S. Dist. LEXIS 16604 (S.D. Ohio Mar. 3, 2008); *Morvay v. Maghielse Tool & Die Co.*, 708 F.2d 229 (6th Cir. 1983).
[5] *Whittlesey v. Union Carbide Corp.*, 742 F.2d 724, 728-29 (2d Cir. 1984) (holding that reinstatement offer would not foreclose front-pay award where employer-employee relationship was irreparably damaged by the lawsuit).

## LAW & ARGUMENT

**A. The Jury Decides: 1) Whether Defendants Ever Made An Unconditional Offer of Reinstatement; and 2) Whether The Plaintiff Rejected That Offer; and 3) Whether The Plaintiff Acted So Unreasonably As To Constitute A Failure To Mitigate Damages.**

"[T]he question of whether an offer of reinstatement was made and rejected must be determined by a jury rather than the court." *Morgan v. Neiman-Marcus Group, Inc.*, 2005 U.S. Dist. LEXIS 34541 (D. Tex. 2005). Whether an employee's failure to mitigate is reasonable is a question of fact to be determined by the trier of fact. *Life Care Ctrs. of America, Inc. v. Charles Town Assocs.*, 79 F.3d 496, 514 (6th Cir. 1996).[6]

Specifically, with respect to the whether the plaintiff acted reasonably in rejecting an offer of reinstatement, "it is the duty of the trier of fact to weigh the evidence to determine whether a reasonable person would refuse the offer of reinstatement.'" *McKelvey v. Geren,* 2009 U.S. Dist. LEXIS 93567 (D. Mich. 2009); *See also Smith v. World Ins. Co.*, 38 F.3d 1456, 1463-1464 (8th Cir. 1994)(same quotation);[7] *Pierce v. F.R. Tripler & Co.*, 955 F.2d 820, 830 (2d Cir. 1992).[8] Whether the plaintiff reasonably refused an offer of reinstatement is ordinarily a question of fact for the jury. O'Donnell

---

[6] *See also Frieburg Farm Equip., Inc. v. Van Dale, Inc.*, 978 F.2d 395, 403 (7th Cir. 1992)(mitigation of damages must be determined by finder of fact); *Pierce v. F.R. Tripler & Co.*, 955 F.2d 820, 830 (2d Cir. 1992); *Ortiz v. Bank of America Nat'l Trust & Sav. Ass'n*, 852 F.2d 383, 387 (9th Cir. 1987); *O'Donnell v. Georgia Osteopathic Hosp., Inc.*, 748 F.2d 1543, 1551 (11th Cir. 1984); *Rasheed v. Chrysler Corp.*, 445 Mich. 109, 517 N.W.2d 19, 27-28 (Mich. 1994); *Hughes v. Park Place Motor Inn, Inc.*, 180 Mich. App. 213, 446 N.W.2d 885, 889 (Mich. App. 1989); *Hawkes v. Norfolk & Western Ry. Co.*, 876 S.W.2d 705, 708 (Mo. Ct. App. 1994); *Pacesetter Corp. v. Barrickman*, 885 S.W.2d 256, 263 (Tex. Ct. App. 1994).

[7] *Fiedler v. Indianhead Truck Line, Inc.*, 670 F.2d 806, 808 (8th Cir. 1982).

[8] Whether a plaintiff acted reasonably in rejecting an unconditional offer of reinstatement is generally a question of fact to be decided by the jury. *O'Donnell v. Georgia Osteopathic Hosp., Inc.*, 748 F.2d 1543, 1551 (11th Cir. 1984), overruled on other grounds by *Lindsey v. Am. Cast Iron Pipe Co.*, 810 F.2d 1094 (11th Cir. 1987); *Fiedler v. Indianhead Truck Line, Inc.*, 670 F.2d 806, 808 (8th Cir. 1982). The defendant bears the burden of proving that the plaintiff unreasonably rejected the defendant's unconditional offer of reinstatement. *Lathem v. Dep't of Children and Youth Servs.*, 172 F.3d 786, 794 (11th Cir. 1999). The reasonableness of a plaintiff's rejection is judged by looking at the terms of the offer and the circumstances surrounding it. *Toledo v. Nobel-Sysco, Inc.*, 892 F.2d 1481, 1493 (10th Cir. 1989); *Knox v. Cessna Aircraft Co.*, 2007 U.S. Dist. LEXIS 71528 (D. Ga. 2007)

*v. Georgia Osteopathic Hosp., Inc.,* 748 F.2d 1543, 1551 (11th Cir. 1984) (reasonable refusal of reinstatement). Thus, the jury must deliberate on this issue and determine whether Plaintiff failed to mitigate her damages by unreasonably rejecting an unconditional offer of reinstatement. It would be reversible error for the Court to usurp the jury's role and determine whether a bona fide unconditional offer of reinstatement was made, and, if it was, whether Plaintiff reasonably rejected the offer.

### B. Defendants Bear The Burden of Proving To The Jury That They Made An Unconditional Offer, That Plaintiff Rejected Their Offer, and That Plaintiff Acted So Unreasonably So As To Constitute A Failure To Mitigate Damages.

The Sixth Circuit has held that the employer bears "the burden of demonstrating [that the employee's rejection of reinstatement offer] was so unreasonable as to constitute a failure to mitigate damages." *Rasimas v. Michigan Dep't of Mental Health*, 714 F.2d 614, 625 (6th Cir. Mich. 1983)(employer must prove to fact finder that employee acted unreasonably in rejecting reinstatement offer). While the injured victim has a duty to mitigate damages by being reasonably diligent in seeking substantially equivalent employment, the burden of proving lack of diligence is on the employer. Kalet, *Age Discrimination in Employment Law* at 120-122; *Cf. Weaver v. Casa Gallardo, Inc.,* 922 F.2d 1515, 1527 (11th Cir.1991) (a Title VII case) (specifically, the employer must show that the claimant failed to make reasonable efforts to obtain other work, or that comparable work was available and the claimant did not seek it out).

Consistent with the Sixth Circuit's rule, other circuits that have ruled on this issue require the employer to prove that the employee's rejection was unreasonable. *See e.g. Smith v. World Ins. Co.,* 38 F.3d 1456, 1465 (8th Cir.1994)( the employer bears the burden to prove it made an unconditional offer of reinstatement and that the plaintiff's

rejection of it was objectively unreasonable).  The burden is on the employer to prove that the claimant failed to mitigate damages, i.e., that rejection of its unconditional job offer was objectively unreasonable.  *Ottenberg's Bakers, Inc. v. D.C. Comm'n on Human Rights*, 917 A.2d 1094, 1106 (D.C. 2007); *Muldrew v. Anheuser-Busch, Inc.*, 728 F.2d 989, 992 (8th Cir. 1984)(holding that while a claimant has a duty to mitigate damages, employer has the burden of proving failure to mitigate).

### C. Defendants Must Prove To The Jury That Plaintiff's Refusal Was Objectively Unreasonable.

The Sixth Circuit has clearly held that an offer of reinstatement only releases the employer from its pay obligations if the employee **unreasonably** rejects the offer. *Morvay v. Maghielse Tool & Die Co*., 708 F.2d 229 (6th Cir. 1983).[9]

The employee's refusal to accept a reinstatement offer is evaluated under the reasonable person standard, "considering all of the facts and circumstances surrounding the offer."  *Geiger v. Kraft Foods Global, Inc.,* 2008 U.S. Dist. LEXIS 16604, 12-13 (S.D. Ohio Mar. 3, 2008).[10]

In *Cripps v. United Biscuit of Great Britain*, 732 F. Supp. 844, 848 (D. Tenn. 1989)(applying Sixth Circuit law), the district court denied summary judgment, and determined that there were factual issues that must be determined by a jury:  "***the***

---

[9] The accrual of damages for a discriminatory discharge is not terminated merely because the employee refuses an offer of reinstatement; instead, it is only "an unreasonable refusal . . . [which] will preclude recovery of front pay." *McNeil v. Economics Laboratory, Inc.*, 800 F.2d 111, 118 (7th Cir. 1986) (emphasis added), *cert. denied*, 481 U.S. 1041, 107 S. Ct. 1983, 95 L. Ed. 2d 823 (1987); *Graefenhain v. Pabst Brewing Co.,* 870 F.2d 1198, 1203 (7th Cir. Wis. 1989).  Only the claimant's unreasonable rejection of an unconditional offer of the job will cut off back-pay and front-pay liability. *Smith v. World Ins. Co.*, 38 F.3d 1456, 1463-64 (8th Cir. 1994) (holding that reasonable rejection of an employment offer is a special circumstance under the *Ford* rule that permits recovery of back-pay damages); *Toledo v. Nobel-Sysco, Inc.*, 892 F.2d 1481, 1493 (10th Cir. 1989) (noting that rejection of reinstatement offer, if reasonable under the circumstances, does not cut off back-pay liability).

[10] *Toledo v. Nobel-Sysco, Inc.*, 892 F.2d 1481, 1493 (10th Cir. 1989)(The reasonableness of a plaintiff's rejection is judged by looking at the terms of the offer and the totality of the circumstance surrounding it); *See also Knox v. Cessna Aircraft Co.*, 2007 U.S. Dist. LEXIS 71528 (D. Ga. 2007).

***plaintiff has presented sufficient evidence to raise a jury question about the reasonableness of his decision to reject the defendant's offer of reinstatement*.**" *Id.* [11]

D. **The Totality Of the Circumstances Includes, Without Limitation, Plaintiff's Mental Health, Defendants' Bad Faith, The Timing of the Offer, The Sufficiency of the Offer, and Other Factors.**

In determining whether Plaintiff reasonably rejected the Defendants' offer of reinstatement, a jury should consider:

1.  ***Mental and Physical Health of the Plaintiff****. (Plaintiff's rejection is reasonable if reinstatement poses risks to health of plaintiff).[12]

2.  ***Bad Faith of Employer.***  (Plaintiff not required to accept offers made in bad faith).[13]

3.  ***Insufficient Time To Accept Offer.***  (Plaintiff's rejection reasonable if not given sufficient time to accept or reject offer.) [14]

---

[11] Courts have held the proper test of whether a plaintiff is justified in rejecting an offer of reinstatement is an objective one, examining whether a reasonable person in the claimant's position would decline the offer.  *Morris v. Amer. Nat. Can Corp.,* 952 F.2d 200, 203 (8th Cir.1991); The reasonableness of a plaintiff's decision to reject an offer of reinstatement is "determined applying an objective standard, i.e., whether a reasonable person, in similar circumstances, would have rejected the offer."  *Ottenberg's Bakers, Inc. v. D.C. Comm'n on Human Rights*, 917 A.2d 1094, 1106 (D.C. 2007);  *see also Morris v. American Nat'l Can Corp.*, 952 F.2d 200, 203 (8th Cir. 1991).

[12] *Geiger v. Kraft Foods Global, Inc.*, 2008 U.S. Dist. LEXIS 16604 (S.D. Ohio Mar. 3, 2008); *Lewis v. Federal Prison Indus.*, 953 F.2d 1277, 1280 (11th Cir., 1992); *Ortiz v. Bank of America Nat'l Trust*, 852 F.2d 383, 386-87 (9th Cir. 1988).

[13] A plaintiff is justified in rejecting an offer of reinstatement if the offer is not made in good faith. *Stanfield v. Answering Service*, Inc., 867 F.2d 1290 (11th Cir.1989)(offers of reinstatement must be made in good faith).  *See also Lewis v. Federal Prison Industries*, 953 F.2d 1277 (11th Cir.1992).

[14] *Geiger v. Kraft Foods Global, Inc.*, 2008 U.S. Dist. LEXIS 16604, 12-13 (S.D. Ohio Mar. 3, 2008) citing *Morvay*, 708 F.2d at 232 (internal citations omitted).

4.    ***Damage To Employment Relationship***.    (Plaintiff's rejection reasonable if employment relationship has become substantially damaged)[15];

5.    ***Retaliation.***    (Plaintiff's rejection reasonable where employee suffered harassment or retaliation as a result of complaining about discrimination);[16]

6.    ***Adverse Working Conditions***.    Whether the Complaint alleges any adverse working conditions the employee faced during the course of the employment;[17]

7.    ***Relinquishment of Claim***.    (Plaintiff's rejection of reinstatement reasonable if required to compromise lawsuit).[18]

8.    ***Complete Reinstatement to Same Position***.    (Plaintiff's rejection reasonable where reinstatement does not completely compensate for lost salary, benefits, or other working conditions).[19]

Courts have specifically held that risks to mental or physical health are legitimate reasons for rejecting an offer of reinstatement cases which create "triable issues on the employee's rejection." *Geiger v. Kraft Foods Global,* Inc., 2008 U.S. Dist. LEXIS 16604 (S.D. Ohio Mar. 3, 2008) citing *Lewis v. Federal Prison Indus.*, 953 F.2d 1277, 1280 (11th Cir., 1992) and *Ortiz v. Bank of America Nat'l Trust*, 852 F.2d 383, 386-87 (9th Cir. 1988).

---

[15] *Whittlesey v. Union Carbide Corp*., 742 F.2d 724, 728-29 (2d Cir. 1984) (holding that reinstatement offer would not foreclose front-pay award where employer-employee relationship was irreparably damaged by the lawsuit).
[16] *Geiger v. Kraft Foods Global, Inc.,* 2008 U.S. Dist. LEXIS 16604, 12-13 (S.D. Ohio Mar. 3, 2008) citing *Morvay*, 708 F.2d at 232 (internal citations omitted).
[17] *Id.*
[18] *Id.*
[19] *Id.*

For example, in *Lewis v. Federal Prison Indus.*, 953 F.2d 1277, 1280 (11th Cir., 1992), the plaintiff was subjected to such discriminatory conduct that he suffered from acute depression after his constructive discharge.  His treating physician testified that his condition might recur if he returned to his job, even if no additional discrimination actually took place.  The physician characterized Lewis' decision to stay away from employment at FPI as "a very good, sound, healthy decision."  In view of these circumstances, and that he was only a few years away from retiring, his damage claims were not tolled by his rejection of the reinstatement offer.  *Id.  See, also., Ortiz v. Bank of America Nat'l Trust*, 852 F.2d 383, 386-87 (9th Cir. 1988)(where plaintiff had medical evidence that due to the harassment and stress she had endured, she was unable to work at all, and especially that she "should never work at any branch of the [defendant] again.").

Here, the trial evidence shows that Char Thirion was an exemplary employee.  She received outstanding performance reviews up until the time that Fletcher Berger was elected Mayor.  However, after she complained of discrimination and revealed to Ms. Gray that she needed an accommodation for her work-related stress, Char Thirion became a target for harassment:  her medical visits were audited, her work hours were changed, she was required to provide public records requests within 24-hours, she was reprimanded for wearing jeans, and false claims were put into her personnel files.  When she complained of discrimination, they reprimanded her.  Just like in *Lewis* and *Ortiz, supra*, Mrs. Thirion's treating physician recommended that she not return to work under such circumstances.

Similarly, Defendants' retaliation and discrimination have destroyed the working relationship that could exist.   Compare *Whittlesey v. Union Carbide Corp.*, 742 F.2d

8

724, 728-29 (2d Cir. 1984) (holding that plaintiff reasonably rejected reinstatement offer and would not foreclose front-pay award where employer-employee relationship was irreparably damaged by the lawsuit).   Where the plaintiff proves an adverse employment environment, she is not required to accept an offer of reinstatement.   *See Geiger, supra.*

### E.  Plaintiff Has Offered Unrebutted Evidence That Her Rejection Was Reasonable.

Plaintiff's treating physician, Dr. Terrence Scanlon has testified that in his professional opinion, to a reasonable degree of medical certainty, that Plaintiff cannot return to work at the City of Bedford Heights.  Dr. Scanlon testified that such a return would be against his orders and advice because it would precipitate further mental and physical injury.  This testimony is completely unrebutted.   As a matter of law, Plaintiff cannot be compelled to accept Defendants' offer.  Because there is no dispute that a return to work imperils Plaintiff's health, the Court should not allow Defendants' affirmative defense to go to the jury.

Furthermore, it is the Defendant's burden of proof to establish that Plaintiff acted unreasonably.  They have offered absolutely no evidence on this point.  Instead, they have litigated this case as though it were sufficient to allege an unconditional reinstatement offer, and then attempt to shift the burden of proof to the Plaintiff, and demand that Plaintiff prove that she acted reasonably.  That is incorrect.  Defendants bear the burden of proving that Plaintiff acted unreasonably.

To the extent that there are other factual issues, the trial evidence also establishes that Defendants' offer was not made in good faith, that she has not been given sufficient

time to consider the offer, that she would have little job security in returning to work in an environment that had previously targeted her and violated her rights.

### III.  CONCLUSION

Plaintiff requests the Court preclude the Jury from considering Defendants' waived affirmative defense of mitigation of damages because the unrebutted testimony establishes that Plaintiff acted reasonably.

> Respectfully submitted,
>
> THORMAN & HARDIN-LEVINE CO., LPA
>
> */s/ Mark Griffin*
> CHRISTOPHER P. THORMAN (0056013)
> MARK GRIFFIN (0064141)
> STACY A. HINNERS (0076458)
> 1220 W. 6th Street, Suite 207
> Cleveland, OH  44113
> Telephone:  (216)621-9767
> cthorman@thllaw.com
> shinners@thllaw.com
>
> *Attorneys for Plaintiff Charlene Thirion*

**<u>CERTIFICATE OF SERVICE</u>**

A true and accurate copy of the foregoing was filed electronically with the Clerk via CM/ECF on March 11, 2010, with copies electronically served to: Ross Cirincione, Ken Schuman, Hilary Taylor and Timothy Obringer.

*/s/ Mark Griffin*